UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CEDRIC COLE** ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:14-1499 |
| ] | Judge Trauger |
| **STANLEY DICKERSON, et al.** ] | |
|     Defendants. ] | |

## **O R D E R**

The Court has before it a *pro se* prisoner complaint (Docket Entry No. 1) under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Docket Entry Nos. 2 and 6-1).

The plaintiff is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. It appears from his application that he lacks sufficient financial resources from which to pay the fee required to file the complaint. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk will file the complaint in forma pauperis. 28 U.S.C. § 1915(a). However, process shall not issue at this time.

The plaintiff is hereby ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff brings this action against Stanley Dickerson, Warden of the West Tennessee State Penitentiary; Lori Hughes, a counselor at the prison; and Derrick Schofield, Commissioner of the Tennessee Department of Correction; complaining that the defendants will not authorize his release from administrative segregation into the general prison population.

Venue for the instant case is governed by 28 U.S.C. § 1391(b). That provision requires that this action be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

The defendants to this action reside in the Middle and Western Districts of Tennessee. However, plaintiff's claims arose and involve matters solely related to his confinement at the West Tennessee State Penitentiary. This prison is in Lauderdale County, which lies within the Western District of Tennessee. 28 U.S.C. § 123(c)(2). Thus, while venue for this action is technically proper in this judicial district, the convenience of the parties and the interests of justice dictate that venue for this case more properly belongs in the Western District of Tennessee. 28 U.S.C. § 1404(a).

Accordingly, the Clerk is directed to TRANSFER this case to the United States District

Court for the Western District of Tennessee, Western Division at Memphis, Tennessee. The Clerk is further instructed to forward a copy of this order to the Warden of the West Tennessee State Penitentiary to ensure that the custodian of inmate accounts complies with the requirements of the Prison Litigation Reform Act.

It is so ORDERED.

Aleta A. Trauger
United States District Judge